# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:99cr134

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOHN FITZGERALD HUDSON. ) | |

**THIS MATTER** is before the Court on the Defendant's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 [Doc. 65, filed June 12, 2008]; the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2), filed through court-appointed counsel [Doc. 66, filed May 6, 2009]; the Amendment to Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2), filed through court-appointed counsel [Doc. 71, filed May 19, 2009]; the Supplement to the Presentence Report pursuant to Crack Cocaine Guideline Amendment [Doc. 72, filed May 20, 2009] and the Sentencing Recommendation pursuant to Crack Cocaine Guideline Amendment [Doc. 73, filed May 20, 2009].

The Defendant pled guilty to possession with intent to distribute cocaine base. He was originally assessed an offense level of 31 which combined with his criminal history of III resulted in a guideline range of imprisonment of 135 to 168 months imprisonment. In computing the offense level, the sentencing court rejected the Government's argument for a two-level enhancement for obstruction of justice and for a denial of the three-level reduction for acceptance of responsibility. The Court sentenced the Defendant to 135 months of imprisonment.

The Government appealed and the United States Fourth Circuit Court of Appeals, in vacating the sentence, ordered that the two-level enhancement for obstruction of justice be imposed and that the three-level reduction for acceptance of responsibility be denied. <u>United States v. Hudson</u>, 272 F.3d 260 (4th Cir. 2001). As a result, at re-sentencing, the Defendant's offense level increased to 36, resulting in a guideline range of imprisonment of 235 to 293 months. The Court sentenced the Defendant to 235 months imprisonment.

The Defendant is eligible for a reduction under Amendment 706, the crack cocaine guideline amendment. His offense level thus is reduced to 34 resulting in a guideline range of 188 to 235 months imprisonment. This Court will impose a comparable sentence to that previously imposed, that

is, the low end of the guideline range.  The Defendant's sentence is reduced to 188 months.

The Defendant also seeks relief pursuant to Amendment 709 of the United States Sentencing Guidelines.  However, Amendment 709, which relates to criminal history scoring, is not retroactive and thus, the Defendant is not entitled to relief pursuant to that amendment.  United States v. McLean, 2009 WL 1090415 (4th Cir. 2009); U.S.S.G. §1B1.10(c) (2008).

Finally, the Defendant has moved through counsel to reduce his sentence below the low end of the guideline range, 188 months, to the statutorily mandated minimum sentence of 120 months.  He argues that the Court has the discretion to do so pursuant to 18 U.S.C. §3582(c)(2) although counsel acknowledges precedent contrary to his position.

> [P]roceedings under §3582(c)(2) "do not constitute a full resentencing of the defendant."  Rather, §3582(c)(2) and U.S.S.G. §1B1.10 are narrow provisions that allow a limited reduction of sentence by the amount specified in an amendment, while prohibiting a complete reevaluation.  In providing that sentencing reductions must be consistent with applicable policy statements, §3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission.

United States v. Dunphy, 551 F.3d 247, 251-52 (4th Cir. 2009), *certiorari denied sub nom* Dunphy v. United States, __ S.Ct. __, 2009 WL 772917

(2009).

The Court finds that the Defendant is subject to the 2007 retroactive crack cocaine guideline amendment and therefore is eligible for a sentence reduction. Consistent with 18 U.S.C. §3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. §3553(a) as well as public safety and post-sentence conduct. In accordance with U.S.S.G. §1B1.10 of the 2007 United States Sentencing Guidelines, the Defendant is hereby sentenced to a term of 188 months.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 [Doc. 65] is hereby **GRANTED in part and DENIED in part** as stated herein and the Defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2), filed through court-appointed counsel [Doc. 66] is hereby **GRANTED** and the Defendant's sentence is hereby reduced to a term of 188 months imprisonment.

**IT IS FURTHER ORDERED** that upon release from imprisonment, and absent a residential plan accepted by the United States Probation Officer prior to release from incarceration, as a condition of supervised release, the Defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days with work release at the direction of the

United States Probation Officer.

**IT IS FURTHER ORDERED** that all other terms and provisions of the judgment imposed on October 23, 2002 shall remain in full force and effect.

**IT IS FURTHER ORDERED** that the Amendment to Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2), filed through court-appointed counsel [Doc. 71] is hereby **DENIED**.

Signed: June 2, 2009

Martin Reidinger
United States District Judge